# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| DETRICH BATTLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 5:20-cv-63 (MTT) |
| | ) | |
| HANCOCK STATE PRISON, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Pro se Plaintiff Detrich Battle moves to proceed in forma pauperis. Doc. 2. Motions to proceed IFP are governed by 28 U.S.C. § 1915(a), which provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses[1] that the person is unable to pay such fees or give security therefor.

When considering a motion to proceed IFP filed under § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). To show poverty, a plaintiff need not show that he is "absolutely destitute." *Id.* Instead, the affidavit must demonstrate that the plaintiff, "because of his poverty, is unable to pay for the court fees and costs, and to support and provide

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners*, 364 F.3d 1305, 1306 n.2 (11th Cir. 2004).

necessities for himself and his dependents." *Id.* However, this statute "should not be a broad highway into the federal courts." Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997); Mack v. Petty, 2014 WL 3845777, at *1 (N.D. Ga. 2014). Section 1915(a) "conveys only a privilege to proceed without payment to only those litigants unable to pay costs without undue hardship." Mack, 2014 WL 3845777, at *1 (citation omitted).

The Plaintiff's affidavit indicates that he is unemployed, has no income, and has expenses of $194.00 per month from food stamps.[2] *See generally* Doc. 2. His only asset is his home, worth $18,000, and he has no dependents. *Id.* The Court finds that the affidavit adequately demonstrates poverty, and the motion to proceed IFP (Doc. 2) is **GRANTED**.

Because the Plaintiff is proceeding pro se, the Court must review his complaint and dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Court must construe the Plaintiff's pro se complaint liberally and in the light most favorable to the Plaintiff. Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (quotation marks and citation omitted).

The Plaintiff claims he suffers from "POTS syndrome" and "was diagnosed a partial torn rotator cuff" and spinal problems "as the injury on the job[.]" Doc. 1 at 4. He claims that the staff at Hancock State Prison "left [him] on the pavement for over 30 minutes," presumably while injured, during which time an inmate was "pulling [him] by the leg," and someone—it is unclear who—"called [him] an inmate." *Id.* He also accuses unnamed staff at Hancock of taking his money when he went to a doctor's

---

[2] The inclusion of food stamps as an expense, but not a source of income, may be inadvertent. Either way, it is clear the Plaintiff is entitled to proceed IFP.

appointment, conclusorily states they "retaliated against me when I went to the Form of the prison and EEOC," and "told officer and inmate that I was personal dealing, and also told other officer and supervisor my medical condition and lost of wages." *Id*. He alleges the Hancock's actions violated the Americans with Disabilities Act and seeks compensatory damages. *Id*. at 3, 6.

The Plaintiff has not provided enough information to allow the Court to assess his complaint. Specifically, the complaint does not state whether Battle was an employee of Hancock, whether his on-the-job injury was at Hancock or elsewhere, the date of the incident when he was "on the pavement for over 30 minutes suffering[,]" how he ended up on the pavement, who allegedly left him there, which staff allegedly took his money and how they took it, or how they retaliated against him.

The Plaintiff is **ORDERED** to file a recast complaint which attempts to remedy those deficiencies and to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The recast complaint must comply with the Federal Rules of Civil Procedure. The complaint should be organized by claim and should specify exactly what actions each named Defendant did (or failed to do) and how these actions or inactions support each asserted claim. The Plaintiff must also include a demand for the type of relief he is seeking. Mere conclusory statements will not suffice. Further, he should state each allegation in separately numbered paragraphs. *See* Fed. R. Civ. P. 10. He **SHALL** file the recast complaint no later than **March 30, 2020**. If the Plaintiff does not file a recast complaint or if the recast complaint also fails to state a claim, this lawsuit will be dismissed without prejudice in accordance with 28 U.S.C. § 1915(a).

**SO ORDERED**, this 9th day of March, 2020.

              <u>S/ Marc T. Treadwell</u>
              MARC T. TREADWELL, JUDGE
              UNITED STATES DISTRICT COURT