Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
for the
__Middle__ District of __Georgia__
__Macon__ Division

__Detrich Battle__
*Plaintiff(s)*
(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)

-v-

__Hancock State Prison__
*Defendant(s)*
(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names.)

Case No. __5:20-CV-63 (MTT)__
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)*  ☑ Yes  ☐ No

## COMPLAINT FOR A CIVIL CASE

**I.  The Parties to This Complaint**

**A.  The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: Detrich Battle
Street Address: 176 Cody Johnson Road
City and County: Sparta, Hancock
State and Zip Code: Ga, 31087
Telephone Number: 478 456 4139
E-mail Address: detrich_battle@yahoo.com

**B.  The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1
  Name: Lt. S. Clark
  Job or Title (if known):
  Street Address: P.O Box 339 - 701 Prison Blvd
  City and County: Sparta, Hancock
  State and Zip Code: Ga 31087
  Telephone Number: (706) 444-1000 - 706 444-1137
  E-mail Address (if known):

Defendant No. 2
  Name: Deputy Warden of Security George Ivey
  Job or Title (if known):
  Street Address: P.O Box 339 - 701 Prison Blvd
  City and County: Sparta, Hancock
  State and Zip Code: Ga 31087
  Telephone Number: 706 444-1000 - 706 444-1137
  E-mail Address (if known):

Defendant No. 3
  Name: Warden E. Sellers
  Job or Title (if known):
  Street Address: P.O Box 339 - 701 Prison Blvd
  City and County: Sparta, Hancock
  State and Zip Code: Ga 31087
  Telephone Number: (706) 444-1000 - 706 444-1137
  E-mail Address (if known):

Defendant No. 4
  Name: Captain E. Ingram
  Job or Title (if known):
  Street Address: P.O Box 339 - 701 Prison Blvd
  City and County: Sparta, Hancock
  State and Zip Code: Ga 31087
  Telephone Number: 706 444 1000 - 706 444-1137
  E-mail Address (if known):

Defendant No. 5

Name: Jack Koon
Job or title: Deputy Director facilities Admin/Support Staff
Street address: P.o Box 1529
City and County: forsyth
State and Zip code: Ga 31029
Telephone Number: 478 992 5206   478 992 5207
E-mail address:

Defendant No. 6

Name: Carey Barnes
Job or title: Commissioner's Designee for adverse action
Street address: P.o Box 1529
City and County: forsyth
State and Zip code: Ga 31029
Telephone number: 478 992-5206   478 992 5207

Defendant No. 7

Name: Belinda Davis
Job or title: FOM
Street address: P. O Box 1529
City and county: forsyth
State and zip code: Ga 31029

Telephone number: 478-992-5800

Defendant No. 8

Name: Veva Watkins

Job or title: Person 1

Street address: P.o Box 339 - 701 Prison Blvd

City and County: Sparta, Hancock

State and zip code: Ga 31087

Phone number: 706 444-1005

Defendant No. 9

Name: Lt. Foye

Job or title:

Street address: P.O. Box 339 - 701 Prison Blvd

City and County: Sparta Hancock

State and zip code: Ga 31087

Telephone number: 706-444-1000 - 706 444 1137

II. A. If the Basis for Jurisdiction is a federal Question
Intentional Infliction of Emotional Distress
Harrasment.
Wrongful termination
Personal injury.
work place disputes.
hostile work environment.
whistle Blower.
defarmation.

Defendant No: 10

Name: Sgt. F. Pearson

Job or title: _____

Street address: P.O Box 339 - 701 Prison Blvd.

City and county: Sparta, Hancock

State and zip code: Ga 31087

Telephone number: 706 444 1000 - 706 444 1137

Defendant No: 11

Name: Sgt. K. Dixon

Job or title: _____

Street address: P.O Box 339 - 701 Prison Blvd

City and county: Sparta Hancock

State and zip code: Ga 31087

Telephone number: 706 444 1000 - 706 444 1137

Pain and Suffering
Major depression
Post traumatic stress disorder

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[✓] Federal question        [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case. *Intentional discrimination on the basis of disability in violation of the Americans with Disabilities Act as amended*

*Retaliation in violation of the Americans with Disabilities Act as amended*

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

   a. If the plaintiff is an individual

   The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

   b. If the plaintiff is a corporation

   The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

   a. If the defendant is an individual

   The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

    b.    If the defendant is a corporation

        The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

        Or is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

I plaintiff Battle claims the defendant owes the amount at stake $3,126,000 in damages and Compensatory in Violation of the Americans with Disabilities Act.

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

Comes now Detrich Battle all the Staff mention was part of me suffering from all the mentally and physically damages to me and false information. I have paperwork supporting and witnesses and recordings also.

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Plaintiff Battle seeks a judgement against Hancock State Prison granting Plaintiff Battle Compensatory (including, but not limited to back pay, front pay and loss of benefits) statutory, exemplary and punitive damages and any and all additional relief as an empaneled Jury and this Court deem appropriate.

Page 4 of 5

On December 1, 2014, I came on in to work, not feeling well and already knowing that my medical leave would be denied by Lt. Clark, Captain Ingram and Deputy Warden of Security Officer Ivory, I was told by a female officer, that Deputy Warden of Security Officer Ivory had requested me to come into his office. I went to his office, and also in the office was Captain Ingram and Lt. Clark, and this was a harassment meeting on the issue of them taking my money, because of an incident that occurred on November 7, 2014. On this same day, December 1, 2014, my condition flared up with chest pain, I thought I was having heart palpitation, and didn't know if I was having a heart attack or stroke. I asked Lt. Clark, Deputy Warden of Security Officer Ivory and Captain Ingram to call the ambulance, and they refused. I then asked Lt. Clark, Deputy Warden of Security Officer Ivory and Captain Ingram to call my wife, yet still they refused. Deputy Warden of Security Officer Ivory said that Captain Ingram is the Warden (jokingly), and then they started talking about left-over for Thanksgiving, all while I was suffering in the chair. Lt. Clark, Deputy Warden of Security Officer Ivory and Captain Ingram called Lt. Bellinger and left me in the room. Lt. Bellinger was asking me what was happening, and he said that he couldn't do anything and that Deputy Warden

of Security Officer Ivory had asked him (Lt. Bellinger) to remove me from his office and put me in the hallway. Officer Brenda Brown (witness) found me after Lt. Bellinger had told her that I was in the hall. Officer Brown then told me to go to Security. On this day, Lt. Clark, Deputy Warden of Security Officer Ivory and Captain Ingram did not care whether I lived or died. On this day, I was assigned to work in the Annex, with restrictions. I requested Medical Leave from December 15, 2014 through December 17, 2014, but Lt. Clark, Captain Ingram and Deputy Warden of Security Officer Ivory denied this even after leaving me to die in Deputy Warden of Security Office Ivory office. After this, during the week of December 15, 2014, I called EEOC to complain about harassment and abusive treatment on the job because of my disability (medical). I even had a medical excuse request from Dr. Omar Akhras, MD. *(See attached Confirmation Letter from EEOC; Georgia Department of Corrections Leave Request Form- Denied; Medical Excuse from Dr. Omar Akhras, MD; Department of Corrections Transitional Employment Plan- Restrictions).*

My rebuttal to the hire date of July 1, 2012 is incorrect, my actual date of hire is July 2, 2012. *(See attached Separation Notice).*

My rebuttal to my accident on April 15, 2015. Yes, on April 15, 2015, I fell and injured myself on the job. This was during the time I was being treated by Dr. Stokes on April 11, 2015 and was allowed to return back to work on April 13, 2015. Even when I fell on April 15, 2015, after being observed by Sgt. Dixon inside the Hancock Annex monitor room, it still took him too long to realize that something was seriously wrong with me when I failed to show up within a few minutes to my post. After my fall from complications from my recent sickness, and when I returned to work to get the paperwork from Lt. Clark, per say Ms. Watkins (personnel), Lt. Clark was to have given me the paperwork for Worker's Compensation. Lt. Clark stated that she did not know which paperwork to give me, and I was going back and forth with them about which paperwork that was at the point of discussion, and then I went to my post. Lt. Clark sent the officer (witnessed by Sgt. Dixon) with the wrong paperwork, and on that paper, it stated that I did not get injured on the job. I was then commanded by Lt. Clark that I could lose my job. All of my life, I did not know the

process of applying for Worker's Compensation, so I returned within six to eight days of being injured from an on the job injury. Lt. Clark, Deputy Warden of Security Officer Ivory and Captain Ingram failure to start my claim with the Worker's Compensation and this was the reason why my doctor had to issue a release to return to work. My return on April 20, 2015, with permanent conditions/restrictions from Dr. Omar Akhras MD was detrimental to my welfare and health. *(Incident Report- Georgia Department of Corrections; Medical Leave Excuse- Dr. Stokes; Georgia Activity Analysis- diagnosis; and Copy of Paychecks can be provided by Department of Corrections).*

When I returned back to work on July 13, 2015, and was in briefing (where officers are assigned their posts). I was never called to a post, even after all other officers were assigned, but was told by Lt. Clark, along with Sgt. Pearson and Lt. Bellinger, when Lt. Clark said, that she (Lt. Clark), Captain Ingram, Deputy Warden of Security Officer Ivory and Warden Sellers, did not have any post for me, and I had to go home. I was told to call personnel that morning, I did and personnel said that I had too many restrictions (medical) which needed to be removed in order to put be back to work. This was my last day reporting to work. I kept calling, but due to my condition, there was no work for me.

My rebuttal of Georgia Department of Corrections who failed to adequately accommodate a job suitable for my injury, as I learned on August 3, 2015 from Ms. Watkins, personnel staff, when she stated Captain Ingram and Warden Sellers told her that they could not accommodate my restrictions (medical). Lt. Clark, Captain Ingram, Deputy Warden of Security Officer Ivory, and Warden Sellers did place me in the booth, however, they continuously harassed and treated me indifferently from the other officers working the booth (witnessed by Officer Poole). One night while working in the booth, Sgt. Pearson came to my booth and said, "He had to treat me like Warden Sellers told him to treat me." They failed to adequately place me and continuously made my medical condition worse by unfair practices and treatment, when they removed my inmates and made me perform manual labor, and this was after my injury sustained on the job. These restrictions are the same that I had when I fell in April on the job. Ms. Watkins also stated that I

was restricted from using heavy equipment, and I asked what heavy equipment, and she said "driving your car." *(Recorded Conversation with Georgia Department of Corrections Personnel- Ms. Watkins- will be provided, if needed; Department of Corrections Transitional Employment Plan – limited restrictions; Oconee Neurology Services-restrictions; and Standard Insurance- Disability Request).*

My rebuttal to the Leave Pay is that I was told that I did not have any Leave Pay. But according to the attached copy of my Payroll-Retroactive Adjustment, dated 09/11/2015, I had both Annual and Sick Leave available. I was awarded all leave pay in 2018. Attached is the W-2 2018 Wage and Tax Statement from GA Department of Corrections for the remainder of my unused leave. *(See attached).*

My rebuttal to Betsy Thomas, Human Resource Director for Georgia Department of Corrections, provided their office with the medical update for a medical extension request on April 16, 2018, and was denied on April 19, 2018, because of my medical condition, in which I fell on the job was still ongoing and terminated on April 20, 2018. *(Copy is on file at Georgia Department of Corrections).*

Since 2014, and until my last day on the job, while going back and forth from Doctors and being describe many different medications, and finally in September 2015, being diagnosed with postural orthostatic tachycardic syndrome (POTS). The unfair treatment and harassment from Lt. Clark, Captain Ingram, Deputy Warden of Security Officer Ivory and Warden Sellers continuously treating me unfairly with no concern with my disability (medical), only made my condition worse. My Post was supposed to be the Annex, where I was supposed to be provided with a restricted job of sitting down, and not having to be involved with heights and no pepper spraying. But Lt. Clark had said, "I don't think that a male should be working that position." But she had some males working there, but she had a problem with me working there. My witness is Sgt. Grier who witnessed Lt. Clark, when she placed another male there. I was medically excused from the Department of Corrections by Dr. Akhras for the week of January 30, 2015 through February 1,

2015. As you see, because I was on medical leave, I received an Unauthorized Leave with Out Pay from Glenda McCrary, HRTT on February 5, 2015. (*Central Georgia Heart Center-diagnosis; Department of Corrections Transitional Employment Plan- restrictions and diagnosis; and Medical Excuses from Dr. Omar Akhras, MD*).

_____
Complainant Signature-Detrich Battle

_____
Date

Witnesses to Everything I was going through, been through and still suffering from

1. C.E.R.T. Officer A. Wheeler witness to Deputy Warden of security G. Ivey putting out that I was personal dealing that caused hostile work environment, defamation, whistle blower and harrasment - (478)-457-5410
   ↳ (478)-291-2370

2. Officer Brenda Brown witness workplace disputes, personal injury, discrimination of disability she saw how Lt. S. Clark was talking to me and treating me and how Warden Sellers was ignoring me cause of my disability and because from retaliating against me for going to the next person in command and more....

3. Officer N. Poole she witness how Sgt. F. Pearson treated me different than other employees and in-mates at the annex causing workplace disputes and a hostile work environment and more....

4. Officer Louis Harris Jr, 78 Bacon St, Sparta, Ga. witness how Hancock State prison staff was telling other employees about my money been taking and much more....

5. Sgt. T. Grier witness Lt. S. Clark giving my medical information and how I was treated
   (706) 998-1411

6. EEOC witness Holly Whitfield I was fired cause I didn't get my medical condition updated in time then when Hancock State prison found out I did they say they fired me cause I couldn't return back to work causing wrongful termination and I sent paperwork and I have more that they fired me because of my disabilities

7. Sgt. Dixon witness Lt. Clark saying she don't no where I was before my injury and giving me false paperwork after my injury and much more....

8. Vera Watkins witness that Warden Sellers and Captain Ingram said they couldn't accommodate my medical restrictions so they put me out of work but then she said I can't operate heavy machinery in which she said driving my car I have recorded and was apart of

9. Lt. Foye witness that Deputy Warden of Security G. Ivey sign the papers for appointing Authority in which Mrs. Edwards over adverse action and Jack Koon who is over Deputy Director Facilities Admin/Support staff said that the warden suppose to sign them papers in which made me lose salary reduction for a year, CO2 pay for a year and the raise correctional officers suppose to have received

10. Sgt. Frazier witness that Lt. Clark said I had no restrictions in which he cursed me out saying what I can do and what I supposed to do at the annex

11. Belinda Davis (OIM) witness that Warden Sellers stop my check from been deposited in my checking account when she the one gave me days off to take my medication in which Lt. S. Clark, Capt. Ingram and G. Ivey already had threaten me they was going to fire me if I went to sleep on the job

12. Carey Barnes uphold Hancock State prison staff for my adverse action even though they had false information added

13. Warden D. Brown of Sparta, Ga. witness that Captain Ingram and Lt. Clark tried to take my money for going to the doctor but he said I had a doctor excuse then Lt. Clark told me to my face that Warden Brown fixd to leave what I'm gonna do then

14. Lt. Bellinger witness that Sgt. Clark was in security trying to figure out how to take my money for going to the doctor and because of medical reasons saying something about abusing my leave he told Officer B. Brown and that's the same thing she tried to do when Warden D. Brown was there

※ I have many witnesses, paperwork and recordings even lawyers says I have a case but I don't have no income to pay a lawyer so please help me cause I'am suffering mentally and physically and about to lose everything that I owned when I worked at Hancock State prison I don't have proof but I think they also put me out of work because they couldn't stop my raise this time and all the officers know that Deputy Warden of security had already told everyone if you got any kind of adverse action or punishment or written up that you will not get a raise but Warden Sellers said my doctor put me out of work but he couldn't tell me which doctor because he was lying I also have him recorded ※

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 3-18-2020

Signature of Plaintiff: *Detrick Battle*
Printed Name of Plaintiff: Detrick Battle

### B. For Attorneys

Date of signing: _____

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address