IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DETRICH BATTLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:20-cv-63 (MTT) |
| | ) |
| HANCOCK STATE PRISON, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

The Court granted pro se Plaintiff Detrich Battle's motion to proceed in forma pauperis but noted that, under the screening standard set forth at 28 U.S.C. § 1915(e)(2)(B), Battle had failed to "provide[] enough information to allow the Court to assess his complaint." Doc. 4 at 3.

The Court therefore ordered him to file a recast complaint and noted that the complaint should be organized by claim, state each allegation in separately numbered paragraphs, and specify exactly what actions each named Defendant did (or failed to do) and how these actions or inactions support each asserted claim. *Id*.

Battle filed a recast complaint. Doc. 5. He purports to bring claims against Hancock State Prison, Lieutenant Clark, Deputy Warden of Security Ivy, Warden Sellers, Captain Ingram, Jack Koon, Carey Barnes, Belinda Davis, Vera Watkins, Lieutenant Foye, Sergeant Pearson, and Sergeant Dixon. Doc. 1 at 1-5. He alleges they discriminated against him in his employment on the basis of disability and retaliated against him in violation of the Americans with Disabilities Act. Neither Title I

nor Title II of the ADA provides for individual liability. *See Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996); *Everson v. Leis*, 556 F.3d 484, 501 (6th Cir. 2009) ("Title II of the ADA does not, however, provide for suit against a public official acting in his individual capacity.") (listing cases). The individual capacity claims are, therefore, frivolous.

Further, a suit against a governmental employee in his official capacity is, in essence, a suit against the governmental entity itself. For that reason, the claims against the individual defendants in their official capacities are redundant *if* the proper governmental entity is named as a defendant. *See M.R. v. Bd. of Sch. Comm'rs of Mobile Cty.*, No. CIV.A. 11-0245-WS-C, 2012 WL 2931263, at *2 (S.D. Ala. July 18, 2012) ("courts in this Circuit routinely and overwhelmingly deem suits against both a local government official in his official capacity and the entity of which the officer is an agent to be redundant, and dismiss the official-capacity claims against the individual defendant on that basis."). At least one of the named defendants appears to work not for Hancock State Prison, but for the Georgia Department of Corrections. And the GDC may be the correct defendant anyway. The Court will allow the official-capacity claims to proceed at this stage but will dismiss them if it becomes clear they are redundant.

Battle's recast complaint does contain more factual detail, including dates, and refers to four incidents: the refusal, by Hancock employees, to call an ambulance for him in December 2014; the accident in April 2015, after which Lieutenant Clark threatened Battle with the loss of his job; a statement by Watkins, in August 2015, that Hancock would not accommodate Battle's medical restrictions; and the Georgia

Department of Corrections's denial of Battle's "medical extension request" and termination of his employment in April 2018.  Doc. 5 at 11-12.

After review, Battle's claims against the individual defendants in their individual capacities are **DISMISSED** without prejudice as frivolous.  The Court finds that Battle's ADA claims for discriminatory discharge, failure to accommodate, and retaliation against Hancock State Prison and the individual Defendants in their official capacities may proceed for further factual development.  Accordingly, it is **ORDERED** that service be made on the Defendants by the United States Marshal Service.  That is not to say that Battle's claims would necessarily survive a Rule 12 motion, but only that they are not clearly frivolous.

Battle is advised that he must serve upon opposing counsel (or the Defendants if they are not represented by counsel) copies of all motions, pleadings, discovery, and correspondence (including letters to the Clerk or to a judge) filed with the Clerk of Court.  Fed. R. Civ. P. 5(a).  Battle shall include with any paper which is filed with the Clerk of Court a certificate stating the date on which a true and correct copy of that paper was mailed to the Defendants or their counsel.  The Clerk of Court will not serve or forward to the Defendants or their counsel copies of any materials filed with the Court.

In addition, the following limitations are imposed on discovery:  except with written permission of the Court first obtained, (1) interrogatories may not exceed twenty-five to each party (Local Rule 33.1), (2) requests for production of documents and things under Rule 34 of the Federal Rules of Civil Procedure may not exceed ten requests to each party (Local Rule 34), and (3) requests for admissions under Rule 36 of the

Federal Rules of Civil Procedure may not exceed fifteen requests to each party (Local Rule 36).

The Plaintiff is responsible for diligently prosecuting his complaint, and failure to do so may result in dismissal under Rule 41(b) of the Federal Rules of Civil Procedure. The Plaintiff is required to keep the Clerk of Court advised of his current address during the pendency of this action. Failure to promptly advise the Clerk of any change of address may result in the dismissal of the Plaintiff's complaint.

**SO ORDERED**, this 17th day of April, 2020.

S/ Marc T. Treadwell  
MARC T. TREADWELL, JUDGE  
UNITED STATES DISTRICT COURT