# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| DETRICH BATTLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:20-cv-63 (MTT) |
| | ) |
| HANCOCK STATE PRISON, | ) |
| | ) |
| Defendant. | ) |

## ORDER

On January 8, 2021, the Court granted in part and denied in part Defendant Georgia Department of Corrections's motion to dismiss. *See generally* Doc. 36. The Court granted the motion as to the claims against the individual defendants and the claims under Title I of the ADA, but denied the motion as to the retaliation claim against GDC.

Plaintiff Detrich Battle filed a "Response to Order." Doc. 39 at 1. That document consists mainly of allegations that he was treated poorly and claims that he has evidence to support those allegations. *See generally id.; see also* Doc. 43 at 2-3.[1] Battle's "Response" concludes with the statement that he "want[s] everything [he is] claiming the defendants for to continue." *Id*. at 5. Accordingly, the Court liberally construes Battle's "Response" as a motion for reconsideration.

---

[1] Battle's reply brief also requests the Court to preemptively exclude all expert witness testimony from GDC because "lawyers are familiar with [experts] and I'm just a pro se with no permanent income." Doc. 43 at 3. Battle has failed to cite any authority to support that argument, and the Court can identify no grounds for excluding expert witnesses at this time. Accordingly, to the extent Battle's reply brief could be construed as a motion to exclude expert witnesses, that motion is denied.

Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga., L.R. 7.6 (emphasis added). Indeed, "[r]econsideration of a previous order is an extraordinary remedy to be employed sparingly." *Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga.) (internal quotation marks and citation omitted). It "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Id*. "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate [his] prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997). Here, Battle has raised no change in the law or newly discovered evidence. Further, he has failed to show clear error in the Court's previous order. Accordingly, his Motion for Reconsideration (Doc. 39) is **DENIED**.

**SO ORDERED**, this 4th day of March, 2021.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT