IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DETRICH BATTLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:20-cv-63 (MTT) |
| ) | |
| GEORGIA DEPARTMENT OF ) | |
| CORRECTIONS, ) | |
| ) | |
| Defendant. ) | |

### ORDER

On January 8, 2021, the Court granted in part and denied in part Defendant Georgia Department of Corrections's motion to dismiss. *See generally* Doc. 36. The Court granted the motion as to the claims against the individual defendants and the claims under Title I of the Americans with Disabilities Act (ADA), but denied the motion as to the retaliation claim against GDC. Defendant GDC now moves for judgment on the pleadings on the retaliation claim. For the following reasons, that motion (Doc. 50) is **GRANTED**.

### I. STANDARD

Pursuant to Fed. R. Civ. P. 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "Judgment on the pleadings is appropriate when there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Douglas Asphalt Co. v. Qore, Inc.,* 541 F.3d 1269, 1273 (11th Cir. 2008) (citing *Cannon v. City of W. Palm Beach,* 250 F.3d 1299, 1301 (11th Cir. 2001)). A motion for judgment on the pleadings is governed

by the same standard as a Rule 12(b)(6) motion.  *See Mergens v. Dreyfoos*, 166 F.3d 1114, 1117 (11th Cir. 1999) ("When reviewing judgment on the pleadings, we must take the facts alleged in the complaint as true and view them in the light most favorable to the non-moving party.").

To avoid dismissal pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter to "'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).  At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff."  *FindWhat Inv'r Grp. v. FindWhat.com.*, 658 F.3d 1282, 1296 (11th Cir. 2011) (internal quotation marks and citations omitted).  But "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal."  *Wiersum v. U.S. Bank, N.A.,* 785 F.3d 483, 485 (11th Cir. 2015) (internal quotation marks and citation omitted).  The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).  Where there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts.  *Patel v. Specialized Loan Servicing, LLC*, 904 F.3d 1314, 1321 (11th Cir. 2018) (citations omitted).

## II. DISCUSSION

### A. Exhaustion

GDC first argues that claim is barred by failure to exhaust remedies with the Equal Employment Opportunity Commission (EEOC) and by Eleventh Amendment immunity.  Doc. 50-1 at 1.  Plaintiffs proceeding under the ADA must exhaust their

administrative remedies by filing a charge with the EEOC before bringing their claims in federal court.  *See* 42 U.S.C. § 12117(a) (incorporating 42 U.S.C. § 2000e-5); *Duble v. FedEx Ground Package Sys., Inc.*, 572 Fed. App'x 889, 892 (11th Cir. 2014) (applying the Title VII exhaustion requirement to an ADA claim) (citations omitted).  The defense of failure to exhaust non-judicial remedies raises a matter in abatement.  *Bryant v. Rich*, 530 F.3d 1368, 1374–75 (11th Cir. 2008) (citations omitted).  As in the case of other matters in abatement, *e.g.* jurisdiction, venue, and service of process, a district court may—indeed, necessarily must—consider facts outside the pleadings and resolve factual disputes to determine whether an exhaustion defense has merit "so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record."  *Id.* at 1376 (citations omitted).  *See also*, *e.g.*, *Snow v. Cirrus Educ. Grp.*, No. 5:17-CV-208, 2017 WL 6001502, at *3 (M.D. Ga. Dec. 4, 2017); *Akkasha v. Bloomingdale's, Inc.*, 2019 WL 7480652, at *3 (S.D. Fla. Dec. 18, 2019).  Plaintiffs who allege disability discrimination by their employers bear "the burden of proving all conditions precedent to filing suit...."  *Maynard v. Pneumatic Prods. Corp.*, 256 F.3d 1259, 1262 (11th Cir. 2001).  Thus, Battle must show that he exhausted his retaliation claim.

In its brief, GDC argues only that Battle "d[id] not allege retaliation in his October 19, 2018, EEOC charge number 410-2018-07697." Doc. 50-1 at 4.  That is true.  Charge number 410-2018-07697, attached to Battle's complaint, was filed in October 2018 and alleged discrimination that occurred in April 2018.  Doc. 5-1 at 7.  Based on a letter Battle attached to his complaint, that charge was prepared for him by the EEOC.  Docs. 5-1 at 7, 23.  Whoever prepared the charge checked the box for disability discrimination and alleged disability discrimination in violation of Title I of the ADA.  *Id*.

at 7.  That person did not check the box labeled "Retaliation" or describe protected activity or retaliatory conduct in the charge.  *Id*.

On the other hand, the Eleventh Circuit has held that claims not explicitly presented to the EEOC—as Battle's retaliation claim was not explicitly presented—can still be "exhausted" under certain circumstances.  It is not clear to the Court, however, exactly what those circumstances are.

The Circuit has held that "judicial claims are allowed if they amplify, clarify, or more clearly focus the allegations in the EEOC complaint, but has cautioned that allegations of new acts of discrimination are inappropriate."  *Gregory v. Georgia Dep't of Hum. Res.*, 355 F.3d 1277, 1279–80 (11th Cir. 2004) (internal quotation marks and citation omitted); *Batson v. Salvation Army*, 897 F.3d 1320, 1327 (11th Cir. 2018).  Battle's retaliation claim does not amplify, clarify, or more clearly focus his disability discrimination claims.  Nothing in the charge is amplified, clarified, or focused by Battle's retaliation claim.  It is a different theory of liability alleging a different discriminatory motive.

The Circuit has also held that a "plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination."  *Gregory*, 355 F.3d at 1280 (internal quotation marks and citation omitted).  The Court has little expertise on the scope of EEOC investigations in response to a particular charge.  Still, it seems that an EEOC investigation into the circumstances alleged in Battle's charge would have revealed the factual basis of Battle's retaliation claim: Both the charge and the retaliation claim concern the circumstances of his termination.

The Circuit has also held that "[t]he proper inquiry" for this issue "is whether [the] complaint was like or related to, or grew out of, the allegations contained in [the] EEOC charge." *Id.*; *Batson*, 897 F.3d at 1328.  Unquestionably Battle's retaliation claim is "related to" the allegations in his charge—at least to some degree—and therefore seems to satisfy that particular version of the standard.

In short, it is far from clear what the appropriate standard is for determining when claims not explicitly presented to the EEOC were nonetheless exhausted.  GDC's briefs do not adequately develop the issue.  GDC has not shown it is entitled to judgment on this defense.

**B. Sovereign Immunity**

GDC also argues it is entitled to sovereign immunity.  Doc. 50-1 at 5-6.  Congress may abrogate state sovereign immunity when it acts pursuant to a valid grant of constitutional authority.[1] *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001).  The Supreme Court has concluded that "Congress may subject nonconsenting States to suit in federal court when it does so pursuant to a valid exercise of its § 5 power. . . . Accordingly, the ADA can apply to the States only to the extent that the statute is appropriate § 5 legislation." *Id*. at 364.  In *Garrett* the Supreme Court clearly held that Title I of the ADA does not abrogate state sovereign immunity. *Garrett*, 531 U.S. at 360 ("such suits are barred by the Eleventh Amendment").

As to Title V, "[n]o controlling authority has addressed the issue of whether Eleventh Amendment immunity extends to Title V retaliation claims.  However, courts in this circuit have been unanimous in extending the reasoning of *Garrett* to Title V, so

---

[1] In addition, a statute must express a clear intent to abrogate state sovereign immunity.  In the ADA, Congress expressed a clear intent to abrogate. *United States v. Georgia*, 546 U.S. 151, 154 (2006).

long as the underlying allegation concerns Title I." *Defee v. Allen*, 2018 WL 11251598, at *5 (M.D. Ga. May 24, 2018) (quotation marks and citation omitted); *see also Marx v. Georgia Dep't of Corr.*, 2013 WL 5347395, at *3 (M.D. Ga. Sept. 23, 2013); *Nelson v. Jackson*, 2015 WL 13545487, at *11 (N.D. Ga. Mar. 31, 2015), *report and recommendation adopted*, 2015 WL 13546505 (N.D. Ga. Apr. 21, 2015); *Lucas v. State of Alabama Dep't of Pub. Health*, 2016 WL 335547, at *4 (M.D. Ala. Jan. 7, 2016), *report and recommendation adopted,* 2016 WL 344965 (M.D. Ala. Jan. 27, 2016); *Marsh v. Georgia Dep't of Behav. & Health Developmental Disabilities*, 2011 WL 806423, at *4 (S.D. Ga. Feb. 14, 2011), *report and recommendation adopted,* 2011 WL 806658 (S.D. Ga. Mar. 2, 2011).  Here, the underlying allegation concerns Title I, so sovereign immunity bars Battle's claim.[2]

### III. CONCLUSION

For the reasons noted above, GDC's motion for judgment on the pleadings (Doc. 50) is **GRANTED**.

**SO ORDERED**, this 26th day of August, 2021.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2] Battle does not seek injunctive relief.  Doc. 5 at 8.