IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DETRICH BATTLE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 5:20-cv-63 (MTT) |
| | ) |
| HANCOCK STATE PRISON, | ) |
| | ) |
|     Defendant. | ) |
| | ) |

## ORDER

*Pro Se* Plaintiff Detrich Battle has filed an application to appeal *in forma pauperis*. For the following reasons, that application (Doc. 62) is **GRANTED**.

Battle seeks to appeal from judgment in favor of the Georgia Department of Corrections (GDC) (Doc. 57) following the Court's Order (Doc. 56) granting GDC's motion for judgment on the pleadings. In that Order, the Court determined Battle's claims against GDC under Title V of the Americans with Disability Act (ADA) were barred by Eleventh Amendment immunity. Doc. 56. Applications to appeal *in forma pauperis* are governed by 28 U.S.C. § 1915 and Fed. R. App. P. 24. 28 U.S.C. § 1915 provides:

> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefore, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
> . . .
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly, Fed. R. App. P. 24(a) provides:

> (1) [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court.   The party must attach an affidavit that:
>
>> (A) shows . . . the party's inability to pay or to give security for fees and costs;
>> (B) claims an entitlement to redress; and
>> (C) states the issues that the party intends to present on appeal.
>
> (2) If the district court denies the motion, it must state its reasons in writing.

Thus, the Court must make two determinations when faced with an application to proceed *in forma pauperis*.   First, it must determine whether the plaintiff is financially able to pay the filing fee required for an appeal.   In this case, Battle is unemployed and has no cash, money in bank accounts, or valuable assets.   Doc. 62 at 2-5.   He receives $596 a month in pandemic unemployment assistance (PUA) and another $204 in food stamps.   *Id*. at 3.   Based on this information, the Court finds the Plaintiff has demonstrated poverty under 28 U.S.C. § 1915 and is unable to pay court fees.

Next, the Court must determine if the plaintiff has satisfied the good faith requirement. "'[G]ood faith' . . . must be judged by an objective standard."   *Coppedge v. United States*, 369 U.S. 438, 445 (1962).   The plaintiff demonstrates good faith when he seeks review of a non-frivolous issue.   *Id*.   An issue "is frivolous if it is 'without arguable merit either in law or fact.'"   *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (citations omitted).   "Arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted).

"In deciding whether an [*in forma pauperis*] appeal is frivolous, a district court determines whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

Battle seeks to appeal the Court's holding that Eleventh Amendment immunity barred his ADA Title V retaliation claims against GDC.  Doc. 62 at 1.  Significantly, Battle's ADA Title I discrimination claims were previously dismissed by the Court in a separate order on Eleventh Amendment immunity grounds.  Doc. 36 at 13 (citing *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 361 (2001)).  But as the Court previously explained, "[n]o controlling authority has addressed the issue of whether Eleventh Amendment immunity extends to Title V retaliation claims" even though "courts in this circuit have been unanimous in extending the reasoning of *Garrett* to Title V, so long as the underlying allegation concerns Title I."  *Battle v. Georgia Dep't of Corr.*, No. 5:20-CV-63 (MTT), 2021 WL 3824804 at *3 (M.D. Ga. Aug. 26, 2021) (internal citations omitted).

Because there is no controlling authority within the Eleventh Circuit on whether Title V retaliation claims are barred by Eleventh Amendment immunity, it cannot be said that Battle's appeal is frivolous.  Accordingly, the Court finds that Battle has established a good faith basis for his appeal, and his application to appeal *in forma pauperis* (Doc. 62) is **GRANTED**.

**SO ORDERED**, this 30th day of September, 2021.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT