IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DETRICH BATTLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:20-cv-63 (MTT) |
| | ) |
| HANCOCK STATE PRISON, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**ORDER**

The Court previously granted Plaintiff Detrich Battle's application (Doc. 62) to appeal *in forma pauperis*. Doc. 63. Battle now moves for appointment of counsel to represent him on that appeal. Doc. 58. For the following reasons, Battle's motion is **DENIED**.

Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." Nevertheless, "[a]ppointment of counsel in a civil case is not a constitutional right." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985). Rather, "it is a privilege that is justified only by exceptional circumstances." *Id*. In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).

Battle's one page motion falls well short of demonstrating exceptional circumstances. While Battle lists a litany of physical and mental ailments, the Court notes those ailments did not preclude Battle from adequately representing himself at the

-2-

trial level of his litigation. The Court is confident Battle can continue to do so on appeal. Moreover, the issue on appeal—whether Americans with Disabilities Act ("ADA") Title V retaliation claims are barred by Eleventh Amendment immunity—is not of sufficient complexity to warrant appointment of counsel. For those reasons, Battle's motion to appoint counsel (Doc. 58) is **DENIED**.[1]

      **SO ORDERED**, this 4th day of January, 2022.

                                      S/ Marc T. Treadwell
                                      MARC T. TREADWELL, CHIEF JUDGE
                                      UNITED STATES DISTRICT COURT

---

[1] Battle subsequently asked the Court to explain why his motion to appoint counsel was terminated. Doc. 64. As the Court has now ruled on Battle's motion to appoint counsel, Battle's "motion for an explanation" is **DISMISSED** as moot.